**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JIMMY WAYNE PRATT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. CIV-08-1346-HE |
| ) | |
| **H.E. LEDEZMA,** ) | |
| ) | |
| **Respondent.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 attacking the execution of his federal sentences. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Respondent has filed a motion to dismiss, and Petitioner's time to reply has lapsed. Thus, the matter is at issue. For the following reasons, it is recommended that Respondent's motion to dismiss be denied as moot, and that the petition be dismissed for lack of jurisdiction.

**I.    BACKGROUND**

By this action, Petitioner is in effect challenging the Bureau of Prisons' (BOP) refusal to credit his federal sentences with time he spent in the custody of the Oklahoma Department of Corrections (DOC) serving his state sentences. Petition, p. 2-4. The following events form the background of Petitioner's claim. In 1992, Petitioner pled guilty to several drug-related state offenses and received suspended sentences. District Court of Oklahoma County,

Case No. CF-1991-3878, Docket. Several years later, in 1997, Petitioner was arrested on multiple state drug and weapons charges. See District Court of Oklahoma County Case Nos. CF-1997-1041, CF-1997-2041, Dockets. Eventually, the State dismissed its charges in lieu of federal prosecution for the offenses. See id. However, on April 3, 1997, Petitioner's suspended sentences in Case No. CF-1991-3878, District Court of Oklahoma County, were revoked, and Petitioner was required to serve one ten-year sentence followed by a five-year sentence. Case No. CF-1991-3878, Docket.

The federal charges stemming from Petitioner's 1997 arrest were contained in a 20-count indictment filed in this Court. See Case No. CR-97-77-C, Docket; Petition, Ex. 3. On August 29, 1997, Petitioner pled guilty to counts 12, 17, and 18 of the indictment, with the remaining counts to be dismissed at the time of sentencing. For counts 12 and 17, which charged Petitioner with possession with intent to distribute cocaine base (crack) and PCP under 21 U.S.C. § 841(a)(1), United States District Judge Robin Cauthron sentenced Petitioner on December 5, 1997 to two 188-month sentences to run concurrently. As to count 18, which charged Petitioner with possession of a firearm during and in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1), Judge Cauthron sentenced Petitioner to a 60-month sentence to be served consecutively to Petitioner's 188 month sentences for counts 12 and 17. Petition, Ex. 1. Counts 1-11, 13-16 and 19-20 were dismissed.

Petitioner discharged the sentences from his 1992 state court convictions on or about September 17, 2007. Petition, Ex. 6. At that time he was transferred from DOC to BOP custody to complete his 248-month federal sentences. His projected release date from BOP

custody was in the year 2024.  Id. at Ex. 2.  Petitioner filed the petition on December 11, 2008.  Therein he in effect sought to have time spent in state custody discharging his state sentences applied to his federal sentences to move his projected release date forward approximately ten years.  Petition, p. 12.  On February 4, 2009, Respondent moved to dismiss the petition pursuant to Rule 12(b)(6), arguing that Petitioner was not legally entitled to the relief sought in the petition.  Motion to Dismiss, p. 1.

After filing the petition, but before Respondent moved to dismiss the petition, Petitioner, through court-appointed counsel, filed in Case No. CR-97-77-C a Motion for Reduction of Sentence on January 8, 2009, based upon the retroactive application of Sentencing Guidelines to crack cocaine offenses.  See Case No. CR-97-77-C, Doc. No. 83.  In that motion, Petitioner asked Judge Cauthron to reduce the sentences she entered in 1997 based upon retroactive applicability of amendments made to the sentencing guidelines that controlled Petitioner's sentences.  Id. at 4-5.  Petitioner also asked Judge Cauthron to enter a *nunc pro tunc* order for his federal sentences to run concurrently with his state sentences.  Id. at 4.  Consequently, on January 12, 2009, Judge Cauthron entered an order *nunc pro tunc* to December 5, 1997, granting Petitioner's motion for a reduced sentence.  Specifically, Judge Cauthron's order stated:

> the [Petitioner]'s previously imposed sentence of imprisonment (as reflected in the last judgment issued) of 248 months' confinement, consisting of 188 months' confinement on each of Counts 12 and 17, to be served concurrently, and 60 months' confinement on Count 18, to be served consecutively **is reduced to 211 months consisting of 151 months' confinement on each of Counts 12 and 17, to be served concurrently, and 60 months' confinement on Count 18, to be served consecutively. The sentence of 151 months'**

> **confinement shall be served concurrently with the sentence imposed under Docket Number CRF-91-3878, in Oklahoma County, Oklahoma District Court April 3, 1997.**

See Case No. CR-97-77-C, Doc. No. 84.  When Respondent moved to dismiss the petition on February 4, 2009, he did not mention Judge Cauthron's order or its potential effect upon the petition, and so the undersigned entered an order on April 6, 2009, directing Respondent to file a supplemental brief discussing any potential impact this order may have on the petition.  Petitioner was given 20 days from the date Respondent filed its supplemental brief to respond to any arguments raised in the supplemental brief, but he did not file anything.  In his supplemental brief, Respondent argues that the Petition is moot in light of Judge Cauthron's order reducing Petitioner's sentence.  See Suppl. Brief, p. 7.

## II.   DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal district courts to adjudicating actual "cases" and "controversies."  U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).  For the federal courts to retain jurisdiction over an action, "an actual controversy must be extant at all stages of review." Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)).  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome . . . The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the real world.'"  Id. (quotations and citations omitted).  Like other federal actions, "[a] habeas corpus petition is moot when it no longer

presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998).

The case or controversy presented in the petition appears to have been rendered moot by Judge Cauthron's order that reduced Petitioner's sentences and ordered that they be served concurrently with his now-discharged state sentences.  Petitioner presented his argument several different ways in the petition, arguing that the BOP was using an erroneous commencement date for calculating his federal sentences and that his release date should be in 2014, but the thrust of the petition was that he wanted credit on his federal sentences for the approximately ten years he spent in the custody of the DOC serving his state sentences. See Petition, pp. 2, 4-5, 7. Judge Cauthron's order does exactly that: it states that Petitioner's 211-month federal sentences should run concurrently with his state sentences, which is authorized by federal law. See 18 U.S.C. § 3584(a). Accordingly, the Court could not award any relief more favorable than what Judge Cauthron has already provided to Petitioner. Thus, there does not appear to be any live case or controversy pending before the court; the petition is moot and should be dismissed for lack of jurisdiction. See, e.g., United States v. Seminole Nation of Okla., 321 F.3d 939, 943 (10th Cir. 2002) ("Once [an actual] controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter.").

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus [Doc. No. 1] be **DISMISSED** for lack of jurisdiction.  In light of this recommendation, it is further recommended that Respondent's motion to dismiss [Doc. No.

5

10] be **DENIED** as moot.  The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 4, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED this 15th day of July, 2009.**

*/s/ Doyle W. Argo*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE